**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIM. NO. 10-719** |
| **RICHARD SOMMERS,** | : | |
| **Defendant** | : | |


### DEFENDANT'S REPLY SENTENCING MEMORANDUM

**To The Honorable C. Darnell Jones, II, United States District Court of the Eastern District of Pennsylvania:**

Richard Sommers, by his attorneys, Sara M. Webster and Walter S. Batty, Jr., submits this Reply Sentencing Memorandum in aide of sentencing scheduled for August 5, 2013:

While Sommers agrees with much of the government's sentencing memorandum, as the government recognizes, there are some points of disagreement between the parties. At the outset, the defendant notes that the government's stance has changed over the time since the indictment was filed on November 3, 2010. At that point, the government's attorney stated informally that she considered the case to be in the probationary range. Even as recently as the past month, the government's attorney stated informally that Sommers' culpability was not as serious as some of the other defendants, as was also pointed out in Sommers' initial sentencing memo. Now, "the government requests that the defendant be sentenced to a sentence at the top of his guideline range of zero to six months imprisonment, ...."[1] Gov. Sentencing Memo 1-2.

---

[1] The government stated that it adopted the sentencing guideline calculations referred to in the PSR of an adjusted offense level of 4. The government noted that it did not have any objection to the 2-level reduction of the offense level from 6, due to the PSR's finding that by means of the proffer the defendant gave to the FBI, he was considered to have accepted responsibility, within the meaning of guideline section 3E.1.(a).

In terms of its request that this Court set a 2-level upward variance for all of the Boeing defendants, the government repeatedly misunderstands Sommers' position which is that an across-the-board 2-level variance is at odds with the structure of the sentencing guidelines. Sommers recognizes that this Court could set a 2-level upward variance in his case, based on the discrete facts pertaining to him, or could impose a 1-level upward variance, again depending on the circumstances in his case.  In its sentencing memorandum, the government does not offer any support whatsoever for its claim that an across-the-board upward variance is appropriate.[2] Moreover, because a 2-level upward variance would leave the defendant with exactly the same guideline range as he faces now – 0 to 6 months' imprisonment – there would, in any event, seem to be no practical purpose served by such a variance.

As stated in his initial memo, Sommers fully recognizes that general deterrence is an appropriate sentencing factor which this Court must take into account.  The defendant disagrees, however, with the government's implicit contention that only by sentencing him to the top of the guideline range – 6 months' imprisonment – will this Court deter the "hundreds of employees still working on the manufacture of the Chinook and Osprey helicopters at Boeing's Ridley Park, PA campus, and still thousands, if not tens of thousands, of individuals working on the manufacture of sensitive military equipment throughout the United States" from abusing prescription medications.  Gov. Sentencing Memo at 4.  Sommers argues, to the contrary, that

---

[2]  Sommers recognizes that United States v. McCoy, 272 Fed. Appx. 212, 215 (3d Cir. 2008), cited by the government, Sentencing Memo at 5-6, stands for the proposition that a district court may sentence a defendant based on an upward departure which is permitted under an application note to guidelines section 2B1.1 in cases where the offense level determined under that guideline section "substantially understates the seriousness of the offense."  272 Fed. Appx. at 215.  While the government here is not asking for a departure under that section, Sommers recognizes that the section can be used, by way of analogy, to support an upward variance, in the Court's reasonable discretion.  The McCoy case, however, sheds no light on the issue raised by Sommers as to the propriety of an across-the-board variance for a group of defendants who are not co-conspirators or aiders-and-abettors.

being fired from a great job at Boeing as a sheet metal worker after 24 years, having a federal felony conviction, losing his wife, and working as a laborer for a landscaping business is an object lesson for all of the defense workers anywhere in the country.

As Sommers argued in his initial memo, at 11, the so-called parsimony provision, 18 U.S.C. § 3553(a), "requires the court to impose the least severe sentence necessary to satisfy the four purposes of sentencing – punishment, deterrence, protection of the public and rehabilitation."  United States v. Cull, 446 F.Supp.2d 961, 962 (E.D.Wis. 2006); *see also*, Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597 (2007).

In his response to the government's claim that abuse of prescription medications posed a "threat to society," Sommers argued in his initial Sentencing Memorandum, at 6-11, that there were several reasons why the government's argument did not present a complete picture of the risks involved, based on all the evidence at the hearing in front of Magistrate Judge Timothy R. Rice.  Sommers asserted that he

> cannot argue against the concept that the behavior at issue could conceivably lead to defective parts and then to harmful consequences.  But, when placed in the context of the rest of his testimony, it is apparent that this risk was, under the circumstances, exceedingly small.

Sentencing Memorandum, at 9.  The government's only response to the defendant's argument was that it was "disappointing."  Sommers urges that this Court rule favorably on his arguments in his initial memo at 6-11 as having not been substantially opposed by the government.

Accordingly, as argued more fully in his initial Sentencing Memorandum, Sommers

requests that this Court, after balancing all the section 3553(a) factors, sentence him to a non-custodial sentence.

Respectfully submitted,

/s/ Sara M. Webster
Sara M. Webster
PA Bar No. 30976
Mellon & Webster
87 North Broad Street
Doylestown, Pennsylvania  18901
(215) 348-7700
Facsimile (215) 348-0171
swebster@mellonwebster.com
Counsel for Defendant

 /s/ Walter S. Batty Jr.
Walter S. Batty Jr.
Email: tbatty4@verizon.net
(610) 544-6791

Dated: August 1, 2013

**<u>Certificate of Service</u>**

I hereby certify that on the 1st day of August, 2013, I electronically filed the foregoing

pleading with the Clerk of Court using the CM/ECF system, which will send a notification of

such filing (NEF) to the following:

Ashley Lukenheimer, AUSA
US Department of Justice
United States Attorney's Office
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
Email: ashley.lunkenheimer@usdoj.gov

**And I hereby certify that I have Federal Expressed- Priority overnight the document to the following:**

Honorable C. Darnell Jones II
United States District Court for the Eastern District
of Pennsylvania, U.S. Courthouse
601 Market Street
Philadelphia PA 19106

<u>/s/ Sara M. Webster</u>
Sara M. Webster
PA Bar No. 30976
Mellon & Webster
87 North Broad Street
Doylestown, Pennsylvania  18901
(215) 348-7700
Facsimile (215) 348-0171
swebster@mellonwebster.com
Counsel for Defendant